FILED
2026 Sep-03 PM 03:42
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**WESTERN DIVISION**

**XIAORONG YOU,**
Petitioner,

**v.**

**BROTON, Warden, et al.,**
Respondents.

**Case No. 7:25-cv-1766-CLM-NAD**

# MEMORANDUM OPINION

The magistrate judge has entered a report (doc. 9), recommending that the court dismiss Petitioner Xiaorong You's 28 U.S.C. § 2241 petition. You objects to the report and recommendation. (Doc. 10).

You divides her objections into four categories. She asserts that the magistrate judge: (1) misinterpreted the First Step Act; (2) overlooked the Bureau of Prisons' miscalculations and administrative errors; (3) incorrectly determined that the elderly offender program does not apply; and (4) improperly recommended dismissal of her constitutional claims. (*Id.*, pp. 1–3). The court will address each objection in turn.

1. *First Step Act*: You first challenges the magistrate judge's determination that she must earn First Step Act ("FSA") credits before those credits may be applied to her sentence. (*Id.*, p. 1). According to You, 18 U.S.C. § 3624(g) is not "the only controlling provision," and there is no reason why the Bureau of Prisons cannot apply You's projected FSA credits to her sentence. (*See id.*). But under § 3624(g), a prisoner is eligible for prerelease custody only when the prisoner has earned time credits in an amount "equal to the remainder of the prisoner's imposed term of imprisonment." *See* 18 U.S.C. § 3624(g)(1)(A). And a prisoner earns time credits through "successful participation" in required programming or productive activities. *See* 18 U.S.C. § 3632(d)(4)(A).

Read together, these provisions establish that a prisoner must complete programming that earns her enough time credits to equal the remainder of her term of imprisonment before she is eligible for prerelease custody. *See* 18 U.S.C. § 3632(d)(4)(C) ("Time credits earned under this paragraph by prisoners who successfully participate in recidivism reduction programs or productive activities shall be applied toward time in prerelease custody or supervised release. The Director of the Bureau of Prisons shall transfer eligible prisoners, as determined under 3624(g), into prerelease custody or supervised release."); *see also Pena v. Washington*, No. 2:25-CV-886-WKW, 2026 WL 1531727, at *8 (M.D. Ala. June 1, 2026) ("Federal courts around the country read Section 3624(g)(1)(A) to mean that the BOP is permitted to apply time credits <u>only</u> once an inmate has earned enough that equal the remainder of her sentence." (emphasis in original; quotations omitted; collecting cases)).

You nonetheless argues that there is no reason to treat FSA credits differently than Good Conduct Time ("GCT") under the Second Chance Act ("SCA"), which the Bureau of Prisons uses to calculate a projected release date before the GCT is earned. (Doc. 10, p. 1). But FSA credits and GCT aren't the same thing; they are different types of credit governed by different statutes. *Compare* 18 U.S.C. §§ 3624(g), 3632 (discussing FSA credits), *with* 18 U.S.C. § 3624(a) and (b) (discussing GCT). And unlike the FSA, SCA credits do not require participation in programming or a satisfactory risk assessment. Thus, the court rejects You's argument that the magistrate judge erred in finding that You's projected FSA credits could not be applied to her sentence so that she could be deemed immediately eligible for prerelease custody.

2. *Calculation of sentence*: You's second objection asserts that the magistrate judge did not properly scrutinize the BOP's calculation of her FSA earned time credit. (Doc. 10, p. 2). This argument is again based on You's belief that she should have time credits not yet earned applied to reduce her custodial sentence. You also states her conditional placement days were only calculated through August 17, 2028, instead of February 13, 2033. (*Id.*). The FSA worksheet shows that she has a conditional release date of January 19, 2030, and a conditional prerelease custody date of August 17, 2028. (Doc. 6-3, p. 3). Yet You wants time credits through February 13, 2033, despite her projected release date of January 19, 2030. (Doc. 10, p. 2). You provides no legal basis for her assertion that she may continue to earn credits toward pre-release custody

once placed in pre-release custody or earn credits after her release from custody. Thus, the court finds that this objection lacks merit.

3. *Elderly offender program*: You next objects to the magistrate judge's finding that the elderly offender release program has ended. (Doc. 10, p. 2). She also argues that nothing prevents the Attorney General or Bureau of Prisons from reinstating this pilot program. (*Id.*). You is correct that this program could be reinstated, but it currently does not exist. Because the elderly offender pilot program expired in 2023, You cannot show any basis for which she could be considered eligible for home confinement under that program. *See* 34 U.S.C. § 60541(g)(3) (providing pilot program dates of 2019 through 2023); *see also Carter v. Rudolph*, No. 3:25-CV-00303-NJR, 2026 WL 772456, at *2 n.1 (S.D. Ill. March 19, 2026) ("As multiple courts have concluded, the pilot program has expired, so prisoners cannot claim an entitlement to relief under that provision.").

4. *Constitutional claims*: You finally objects to the magistrate judge's conclusion that her Eighth Amendment and retaliation claims must be brought as civil rights claims and not through a habeas petition. (*Id.*, pp. 2–3). But the claims You identifies, such as her security placement, are related to the conditions of her confinement. While You claims her confinement demonstrates cruel and unusual punishment, and the conditions identified affect the length of her sentence, You has no constitutional right to be released before the expiration of her sentence. *See, e.g.*, *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). Nor does You have a right to choose where she serves her sentence. *McKune v. Lile*, 536 U.S. 24, 39 (2002) ("[T]he decision where to house inmates is at the core of prison administrators' expertise."). Instead, the Bureau of Prisons "shall designate the place of the prisoner's imprisonment," and may "direct the transfer of a prisoner from one penal or correctional facility to another." 18 U.S.C. § 3621(b); *see also id.* ("[A] designation of a place of imprisonment . . . is not reviewable by any court.'").

Even if You's incarceration in FCI Aliceville could state an Eighth Amendment claim, "relief of an Eighth Amendment violation does not include release from confinement." *Gomez v. United States,* 899 F.2d 1124, 1126 (11th Cir. 1990). Instead, the appropriate relief is "to require discontinuance of any improper practices, or to require correction of any condition causing cruel and unusual punishment." *Id.* In other words, the Eighth Amendment cruel and unusual punishments clause does not support a claim for release from custody.

—

In sum, having considered the record and the magistrate judge's report, the court **OVERRULES** the objections, **ADOPTS** the report, and **ACCEPTS** the recommendation. Consistent with that recommendation, the court will deny and dismiss without prejudice You's petition.

The court will enter a separate final judgment that carries out this ruling and closes this case.

**DONE** and **ORDERED** on September 3, 2026.



**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE